IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 174

| | | |
|---|---|---|
| STEPHANIE HUGHES BYOUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 13, 19).[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. Following a review of the record, the parties' briefs, and relevant legal authority, the undersigned respectfully recommends that Plaintiff's motion for summary judgment be granted and that the Commissioner's motion for summary judgment be denied.

---

[1] Plaintiff's Motion for Judgment on the Pleadings (Doc. 13) will be construed as a motion for summary judgment. See LCvR 7.2(a).

## I. Procedural History

Plaintiff filed a Title XVI application for supplemental security income on February 10, 2014. Transcript of Administrative Record ("T." 17.) On February 24, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (T. 17.) In both applications, Plaintiff alleged a disability onset date of November 6, 2013. (T. 17.)

Both claims were denied initially on August 28, 2014, and upon reconsideration on December 3, 2014. (T. 17.) On January 9, 2015, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (T. 17.)

The hearing was held before ALJ Valorie Stefanelli on February 14, 2017 in Charlotte, North Carolina. (T. 17.) Plaintiff appeared and testified at the hearing. (T. 17.) A vocational expert ("VE"), Stephen Ratliff, also appeared at the hearing. (T. 17.) At the time, Plaintiff was represented by attorney Richard Kettler. (T. 17.)

The ALJ issued an unfavorable decision on May 25, 2017. (T. 17-27.)

Plaintiff sought review by the Appeals Council but that request was denied on May 7, 2018. (T. 1-3.)

On June 20, 2018, Plaintiff filed the instant action. See (Doc. 1).

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).    The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).    Under this sequential evaluation, the Commissioner must consider each of the following: (1) whether   the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC").    20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing.    Monroe v. Colvin, 826 F.3d 176, 179

(4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these steps, the ALJ will determine that the claimant is not disabled, and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).

The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179. If the claimant fails to satisfy this burden, then the ALJ must determine the claimant's RFC. Mascio, 780 F.3d at 635.

The ALJ then proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180.

If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five and consideration of whether the claimant can perform other work. Mascio, 780 F.3d at 635. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other jobs that exist in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five with the testimony of a VE, who responds to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the

4

Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III.  The ALJ's Final Decision

In her May 25, 2017 decision, the ALJ found that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(4) of the Social Security Act.  (T. 17-27.)  In support of this conclusion, the ALJ made the following specific findings:

(1)     The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

(2)     The claimant has not engaged in substantial gainful activity since November 6, 2013, the alleged onset date (20 C.F.R. § 404.1571 et seq. and § 416.971 et seq.).

(3)     The claimant has the following severe impairments: status post pelvic fracture, status post ankle fracture and repair, status post splenectomy, depressive disorder, and polysubstance abuse (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

(4)     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5)     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

5

C.F.R. §§ 404.1567(b) and 416.967(b)[2] except the claimant would need a sit/stand option wherein she could change positions every 2 hours. The claimant can occasionally reach overhead bilaterally. Mentally, the claimant can perform simple, routine, repetitive tasks with occasional decision making and occasional changes to work duties.

(6)     The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

(7)     The claimant was born on March 19, 1980 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 C.F.R. §§ 404.1563 and 416.963).

(8)     The claimant has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

(9)     Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 C.F.R. §§ 404.1568 and 416.968).

(10)    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a),

---

[2] The regulations define "light work" as follows:

[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

416.969, 416.969(a)).[3]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from November 6, 2013, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(T. 17-27.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it

---

[3] The VE testified that Plaintiff would be able to perform the requirements of representative light exertional jobs, such as the following: (1) sorter, which has 65,000 positions in the national economy; (2) inspector, which has 70,000 jobs in the national economy; and (3) wiper, which has 75,000 jobs in the national economy. (T. 26.)

7

does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V.    Analysis

1.    Limitations in the RFC

a.  Concentration, Persistence, and Pace

Citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), Plaintiff argues that the ALJ failed to provide sufficient limitations in the RFC to allow for moderate impairment in concentration, persistence, and pace, or an explanation as to why further limitations were not necessary. Pl.'s Mem. (Doc. 14) at 6-7.

In Mascio, the Fourth Circuit Court of Appeals held that deficiencies in concentration, persistence, or pace cause work-related deficits with staying on task, such that if an ALJ finds that no limitations are required, an explanation is necessary. 780 F.3d at 638. As the Mascio court stated:

> Perhaps the ALJ can explain why [the plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the plaintiff's] residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the

8

plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ gave no explanation, a remand is in order.

Id. (internal citation omitted).

In the instant case, the ALJ found that Plaintiff was moderately limited with respect to concentrating, persisting, or maintaining pace. (T. 20.) In this regard, the ALJ noted:

> The claimant reported that she could pay attention for approximately 10 minutes because she gets distracted. However, she also indicated that she spends much of her day watching movies because it is easy. She indicated that she is not good at following written instructions and can handle only one oral instruction at a time.

(T. 20) (internal transcript cite omitted).

Upon finding that Plaintiff had a moderate limitation with respect to concentration, persistence, or pace, the ALJ had two choices: (1) limit the RFC to account adequately for the limitation, or (2) adequately explain the decision not to limit Plaintiff's RFC further. See Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

It appears that the ALJ attempted to account for Plaintiff's impairment by limiting Plaintiff's RFC to simple, routine, repetitive tasks. (T. 21.) Such a limitation, however, is not sufficient; the Fourth Circuit has held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or

9

unskilled work." Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).

The Commissioner argues that the ALJ's statement that Plaintiff could pay attention for 10 minutes before getting distracted and spends a lot of time watching movies because it is easy to do "*implies* that Plaintiff could stay on task when the task is something easy[] and reconciles the ALJ's RFC finding with a moderate limitation in [concentration, persistence, or pace]." Comm'r's Mem. (Doc. 20) at 6. (emphasis added). However, a mere implication is not a sufficient explanation as required by Mascio.

Therefore, the ALJ's decision should be remanded on this basis. See Rivera, 2019 WL 355536, at *2.

### b. Other Limitations

Next, Plaintiff briefly argues that the ALJ failed to include other limitations in the RFC that were supported by the record. Pl.'s Mem. (Doc. 14) at 9. Specifically, Plaintiff contends that the ALJ should have included limitations in bending and stooping due to severely reduced lumbar flexion. Id.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence

10

supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. In formulating an RFC, the ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his or her conclusion. Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1.

Here, the Commissioner notes that Plaintiff does not argue she is precluded from all stooping and bending, and contends that the RFC properly accounted for "occasional" stopping and bending. Comm'r's Mem. (Doc. 20) at 6.

Some stooping is required in almost any kind of work. SSR 85-15, 1985 WL 56857, at *7 (1985). If a worker can stoop occasionally (from very little to one-third of the time) to lift objects, the light occupation base remains essentially intact. Id. Frequent lifting or carrying of objects up to 10 pounds, which is necessary for the full range of light work, implies that the worker can do occasional bending of the stooping type. SSR 83-14, 1983 WL 31254, at *4 (1983).

While the ALJ's discussion of Plaintiff's limitations could have been more extensive, the ALJ's finding that Plaintiff was limited to a reduced range of light exertional work was consistent with Plaintiff's ability to perform occasional stooping and bending. Consequently, Plaintiff has failed to carry her burden on this issue and to demonstrate that the ALJ's RFC finding should be disturbed. See Plummer v. Astrue, No. 5:11CV006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC.").

## 2.    Subjective symptoms analysis

Finally, relying on Doering v. Astrue, No. 10 C 5730, 2012 WL 1418851, at *3 (N.D. Ill. Apr. 24, 2012), Plaintiff argues that the ALJ erred in her credibility analysis by requiring Plaintiff to present objective evidence of pain. Pl.'s Mem. (Doc. 14) at 9-14.

Under the regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process."[4]  Craig, 76 F.3d at 594; see Lewis, 858 F.3d at 865-66; 20 C.F.R. §§ 404.1529(a), 416.929(a).

---

[4] SSR 16-3p rescinded SSR 96-7p and applies to ALJ decisions made on or after March 28, 2016.  As noted, the ALJ's decision in this case was made on May 25, 2017. See (T. 17-27). SSR 16-3p eliminated the term "credibility" because the regulations do not use that term. The intent was to clarify that a subjective symptoms evaluation is not an examination of a claimant's character.

12

Pursuant to the first step, the ALJ must determine that objective medical evidence demonstrates that a claimant has a medical impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b).

Under the second step, the ALJ must evaluate the intensity and persistence of the claimant's symptoms in order to determine the extent to which it affects his ability to work. Id. §§ 404.1529(c), 416.929(c). Pursuant to this step, the ALJ must assess the credibility of the claimant's statements regarding his symptoms and their effect on his ability to perform work activities. Id. §§ 404.1529(c)(4), 416.929(c)(4). When the ALJ finds the claimant's statements to be less than fully credible, he must support this conclusion by identifying those statements he finds less than credible and explaining "how he decided which . . . to believe and which to discredit." Mascio, 780 F.3d at 640.

The following factors from 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) are considered, in addition to all the evidence, in evaluating the intensity, persistence, and limiting effects of an individual's symptoms:

(1) Daily activities;

(2) The location, duration, frequency, and intensity of pain or other symptoms;

(3) Factors that precipitate and aggravate the symptoms;

13

(4) The type dosage, effectiveness, and side effects of any medication an

individual takes or has taken to alleviate pain or other symptoms;

(5) Treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms;

(6) Any measures other than treatment used to relieve pain or other

symptoms; and

(7) Any other factors concerning an individual's functional limitations

and restrictions caused by pain or other symptoms.

In this case, the ALJ concluded:

[T]he claimant's medically determinable impairments could
reasonably be expected to produce the [ ] alleged symptoms;
however, the claimant's statements concerning the intensity,
persistence and limiting effects of these symptoms are not entirely
consistent with the medical evidence and other evidence in the
record for the reasons explained in the decision. Accordingly, these
statements have been found to affect the claimant's ability to work
only to the extent they can reasonably be accepted as consistent
with the objective medical and other evidence.

(T. 22.)

Plaintiff argues that this conclusion represents a "boilerplate evaluation"

and that the ALJ did not consider other information in the record, such as

Plaintiff's daily activities, which Plaintiff describes as being "severely limited,"

beyond the objective evidence. Pl.'s Mem. (Doc. 14) at 12.

The undersigned is not persuaded by this argument. The ALJ's opinion

references Plaintiff's statements concerning the intensity, persistence and

14

limiting effects of her symptoms as being the statements the ALJ found to be less than credible and indicates that the ALJ based her views on more than the lack of objective medical evidence concerning Plaintiff's pain. For example, the ALJ noted that Plaintiff has mild limitations with respect to adapting or managing herself; Plaintiff reported that she was generally capable of performing self-care activities, including that she could prepare simple meals, that she does not do any chores but can wash clothes, and that she could drive a car. (T. 21).

In addition, the ALJ noted that Plaintiff testified follow up treatment had been limited due to a lack of income and insurance, yet Plaintiff' continued to purchase car insurance notwithstanding that her driver's license was suspended. (T. 24.) The ALJ also referred to information regarding Plaintiff's alleged use of illicit drugs and her refusal to participate in group activity or therapy. (T. 24)

In her reply, Plaintiff states that she "does not care what other evidence may have been considered; she only argues that the ALJ is not entitled to require evidence of the pain itself." Pl.'s Reply (Doc. 21) at 3. The ALJ's symptoms analysis, however, did not so require.

## VI.    Recommendation

Considering the foregoing, it is RECOMMENDED:

1. That Plaintiff's motion for summary judgment (Doc. 13) be **GRANTED**, and this case be **REMANDED** for further proceedings pursuant to sentence four of § 405(g), and

2. That the Commissioner's motion for summary judgment (Doc. 19) be **DENIED**.

Signed: August 13, 2019

W. Carleton Metcalf
United States Magistrate Judge

16

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).