THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00174-MR-WCM

| | |
|---|---|
| STEPHANIE HUGHES BYOUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C.A. § 406(b) [Doc. 30].

**I.    PROCEDURAL BACKGROUND**

On June 20, 2018, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act. [Doc. 1]. On August 28, 2019, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Docs. 23, 24]. On October 26, 2019, the Court awarded the Plaintiff attorney's fees in the amount of $5,400.00 in full

satisfaction of any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 29].

On remand, the Commissioner issued a Notice of Award to the Plaintiff explaining her past-due benefits and stating that $12,362.25, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to pay any award of attorney's fees. [Doc. 30-3 at 4]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 30-1].

The Plaintiff's counsel now seeks an award of $12,362.25 in fees pursuant to 42 U.S.C. § 406(b)(1), with the additional stipulation that upon receipt of such payment, the Plaintiff's counsel will refund to the Plaintiff the $5,400.00 previously awarded under the EAJA. [Doc. 30]. Further, Plaintiff's counsel states that a petition for fees pursuant to 42 U.S.C. § 406(a) is pending before the Social Security Administration and Plaintiff's counsel will withdraw the present motion if awarded the full 25% of the past-due benefits in the amount of $12,362.25.

## II.  DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees by a court. First, claimants may seek a fee

award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

3

Here, the Plaintiff and her counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past-due benefits awarded to her counsel. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted). Further, "there is no combined limit of 25% for 406(a) and 406(b) fees," although both are paid from a claimant's past-due benefits. Culbertson v. Berryhill, 139 S. Ct. 517, 521 (2019); 42 U.S.C. § 406(a)(2)(A)(ii) and (b)(1)(A). However, the Plaintiff's counsel is bound by the fee agreement with the Plaintiff, which states that the "fee will be one-quarter (25%) of the back money." [Doc. 30-1].

The Plaintiff's counsel has indicated that he is entitled to no more than 25% of the Plaintiff's past-due benefits in the amount of $12,362.25. [Doc. 30 at n. 1]. While Plaintiff's counsel can pursue the contracted limit of 25% of Plaintiff's past-due benefits through both § 406(a) and 406(b), the aggregate amount of the fees cannot exceed 25% of the past-due benefits.

Further, the Plaintiff's counsel has indicated the present motion's relief sought is contingent on the resolution of a pending § 406(a) petition. [Doc. 30 at n. 1]. As such, the Court cannot make a determination as to whether the requested attorney fees are reasonable at this time.

Accordingly, the Plaintiff's Motion for Approval of Attorney Fees is denied without prejudice, subject to renewal upon the resolution of the Plaintiff's § 406(a) petition.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C.A. § 406(b) [Doc. 30] is hereby **DENIED WITHOUT PREJUDICE**, subject to renewal upon the resolution of the Plaintiff's § 406(a) petition.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration.

**IT IS SO ORDERED.**

Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge